# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1268V
### UNPUBLISHED

| | |
|---|---|
| LORI A. HILDEBRAND,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 11, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey A. Golvash, Golvash & Epstein, LLC, Pittsburgh, PA, for petitioner.*

*Laurie Wiesner, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On August 22, 2018, Lori Hildebrand filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her September 23, 2016 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 25, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 9, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $66,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $66,000.00 (representing compensation for Petitioner's actual and projected pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

LORI HILDEBRAND, )
)
)
)
Petitioner, )
) No. 18-1268V
v. ) Chief Special Master Corcoran
) ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
Respondent. )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 22, 2018, Lori Hildebrand ("petitioner") filed a petition for

compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§

300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury

Related to Vaccine Administration ("SIRVA") as a result of an influenza vaccine she

received on September 23, 2016. Petition at 3-5. On October 24, 2019, the Secretary of

Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this

case is appropriate for compensation under the terms of the Act, and on October 25,

2019, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled

to compensation. ECF No. 32; ECF No. 33.


I.      **Item of Compensation**

Respondent proffers that Lori Hildebrand should be awarded $66,000.00 in actual

and projected pain and suffering. This amount reflects that the award for projected pain and

suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner

agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Lori Hildebrand should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $66,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner, Lori Hildebrand.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Lori Hildebrand: **$66,000.00**

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

s/Laurie Wiesner
LAURIE WIESNER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 146
Washington, D.C. 20044-0146
Tel.:  (202) 305-0253

DATE:  March 9, 2020